**H R K S**

**HENNEMAN RAU KIRKLIN & SMITH LLP**
ARBITRATION & TRIAL LAWYERS

815 Walker Street • Suite 1440 • Houston, Texas 77002 • 713.955.6030

Scott D. Smith                                                                                    sdsmith@hrkslaw.com
                                                                                                             713.955.6121

July 29, 2022

***Via E-Filing***
Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re:   1:22-cv-06436-JGK; CIBC Private Wealth Advisors, Inc. against Erin Dickes and
>        Evy Stein Keller

Dear Honorable John G. Koeltl:

    I represent Defendants Erin Dickes ("Dickes") and Evy Stein-Keller ("Stein-Keller") (collectively, "Defendants") in the above referenced cause of action.  Prior to making any general appearance in this matter or addressing any of the substantive merits, and pursuant to your local rules, we are requesting permission to file a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3), or, in the alternative, to transfer venue Pursuant to 28 U.S.C. §1406 or §1404 for the following reasons.

- The Southern District of New York lacks personal jurisdiction over Defendants. Neither defendant is a resident of New York. Neither Defendant conducts any business in the State of New York.  Stein-Keller has never been to the State of New York.  Dickes was last in the state in 2013. Both Defendants, registered FINRA representatives, are accused of soliciting their former clients in violation of unenforceable covenants, which CIBC Private Wealth Advisors, Inc. ("CIBC" or "Plaintiff") contends restricts them from accepting business from their clients at their new place of employment.  None of the clients at issue are residents of New York. The alleged events giving rise to the cause of action would have occurred (had they occurred at all) in Dallas, Texas. The contracts the Defendants are alleged to have breached clearly state that "[i]f at the time of the event given rise to the dispute, you are employed by CIBC's broker-dealer or registered with Financial Industry Regulatory Authority ("FINRA"), **any controversy or claim shall be submitted to final and binding arbitration to be administered by FINRA and pursuant to FINRA Arbitration Rules and Procedures**." Defendants had no reason to foresee being subject to the jurisdiction of New York.

Honorable John G. Koeltl
July 28, 2022
Page 2
_____

- For the reasons articulated above, venue is not proper under 28 U.S.C. §1391. Federal law is clear "[w]hen venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b).  If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)."  *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 55–56 (2013). Neither Defendant resides in New York. No events or omissions giving rise to the claim occurred in New York.

- Plaintiff's Complaint should also be dismissed under Rules 12(b)(1) and 12(b)(3) of the Federal Rules of Civil Procedure as the dispute underlying Plaintiff's Complaint is subject to mandatory arbitration, thus depriving this Court of subject matter jurisdiction, and designating the proper venue for this matter as a FINRA arbitration forum.

- Finally, we would like to bring to the Court's attention that prior to this lawsuit being filed with the Southern District of New York, Dickes, a Texas citizen with no contacts to the state of New York, filed an Original Petition, Application for Temporary Injunction in Aid of Arbitration, and Application for Declaratory Judgment in Dallas County, Texas ("Petition").  A Statement of Claim was concurrently filed with the Petition before the Financial Industry Regulatory Authority ("FINRA").  These filings address the same or substantially the same issues presented in the instant actions and are both currently pending.

Therefore, before any hearing is set by the court, we request permission, in accordance with the local rules, to file a full motion addressing the jurisdictional and improper venue issues prior to any rulings on substantive matters.

Thank you for your attention to this matter.

Very truly yours,

*/s/ Scott D. Smith*

Scott D. Smith

cc:    Michael Grenert